UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:06CV105-J

BILLY MOSS                                                                     PLAINTIFF

v.

MICHAEL ASTRUE,
Commissioner of Social Security                               DEFENDANT

## **MEMORANDUM OPINION**

      Before the Court is plaintiff Billy Moss's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claim for disability insurance. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner is supported by substantial evidence and should be affirmed.

### I. Procedural History

      Plaintiff filed an application for disability insurance benefits on February 28, 2005 alleging that he became disabled on February 14, 2005, at age 48 due to rheumatoid arthritis. His work history consists of work as a millwright. His educational background includes a high school diploma and completion of a millwright apprenticeship. Following a hearing on February 13, 2006 at which both plaintiff, his wife, and a vocational expert offered testimony, Administrative Law Judge Randolph Schum ("ALJ") found that the claimant has a severe impairment that prevents him from returning to his work as a millwright, but that he remains capable of performing some sedentary work. Plaintiff has appealed from this unfavorable decision.

## II. Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

## III. Plaintiff's Argument

Plaintiff objects that the ALJ failed to accord the opinion of the treating physician the weight that it deserved. It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion, Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); McGregor v. Bowen, 786 F.2d 1050, 1053

(11th Cir. 1986). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician, Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary, 801 F.2d 847 (6th Cir. 1986). An ALJ can give less weight to the opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997), Jones v. Secretary, 945 F.2d 1365, 1370 (6th Cir. 1991). Furthermore, while a treating physician's opinion is entitled to great weight, it is not dispositive regarding the ultimate issue of disability, Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Dr. Gerald Sims is a rheumatology specialist who has treated Mr. Moss for severe rheumatoid arthritis since February 2000. His records reveal the variable nature of the disease, and that the claimant has both good days and bad days. Unfortunately, the only resulting functional opinions that were before the ALJ at the time of his review were Dr. Sims' general assertions that Mr. Moss is "unable to continue working" (Tr. 138), that he is "totally disabled," (Tr. 139) and "impaired from doing any kind of meaningful work activities." (Tr. 141). These types of conclusory statements do not constitute medical opinions as defined by 20 C.F.R. §404.1527(a)(2). They are legal conclusions on issues that are reserved to the Commissioner.

Plaintiff submitted to a functional capacity evaluation at Owensboro Medical Health System on September 12, 2005. The findings contained in that thorough examination and report indicate that Mr. Moss is capable of some sedentary work (Tr. 176). It was this evaluation, submitted by plaintiff himself, that the ALJ used to formulate his RFC. Dr. Sims did not offer any opinions regarding the specific physical limitations resulting from plaintiff's rheumatoid arthritis. The only other such opinions contained within the record were those of the state agency physicians Drs. Irlandez and Stubbs, both of which found claimant capable of limited light work. The ALJ

specifically rejected these findings in favor of the findings contained in plaintiff's independent evaluation from Owensboro Medical Health System.

In his Fact and Law Summary, plaintiff has attempted to rely upon new evidence in the form of a letter from Dr. Sims dated April 9, 2006 in which Dr. Sims sets forth disabling functional limitations. Since the Appeals Council considered the new evidence but declined plaintiff's request for review, those medical records are not part of the administrative record that the district court can consider in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). The Court may consider new evidence for the limited purpose of determining whether to order a pre-judgment remand of the case to the Commissioner for further administrative proceedings. Cline, 96 F.3d at 148; 42 U.S.C. § 405(g). However, plaintiff has not asked the Court to make such a determination (DN 9). For these reasons, the Court declines to consider whether a pre-judgment remand, pursuant to sentence six of 42 U.S.C. § 405(g), is appropriate.

## IV. Conclusion

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court. A Judgment in conformity with this Memorandum Opinion has this day entered.