UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:06CV105-J

BILLY MOSS                                                                  PLAINTIFF

v.

MICHAEL ASTRUE,
Commissioner of Social Security                                        DEFENDANT

**MEMORANDUM OPINION & ORDER DENYING PLAINTIFF'S
RULE 59 MOTION TO ALTER, AMEND OR VACATE**

Plaintiff moves this Court to alter, amend or vacate its August 27, 2007 Order affirming the Commissioner's denial of social security benefits. The basis for plaintiff's motion is a post-hearing, post-decision letter dated April 9, 2006 from plaintiff's treating physician Dr. Sims which contains opinions regarding plaintiff's functional limitations. The Commissioner has responded, noting that the relief requested by plaintiff – Sentence Four remand for consideration of new evidence – is not the proper procedure, nor is a Sentence Six remand warranted. Undoubtedly, plaintiff attempts to submit this information in response to the Administrative Law Judge's Decision commentary that, "Dr. Sims did not present any residual functional capacity of the claimant which was consistent with his records for the undersigned to consider." (Tr. 15)

The proper procedure for plaintiff would have been to move the Court for a prejudgment remand based upon the new medical evidence. This is commonly referred to as a Sentence Six remand pursuant to 42 U.S.C. §405(g). In that instance, the Court does not address the correctness of the administrative decision, but rather remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding, and the new evidence might have changed the outcome of the prior proceeding, Melkonyan v. Sullivan, 501 U.S. 89, 98

(1991). The party seeking a prejudgment remand has the burden of demonstrating the new evidence is material and that good cause exists for not presenting it to the Administrative Law Judge, Faucher v. Secretary of HHS, 17 F.3d 171, 174-175 (6th Cir. 1994). New evidence is "material" if there is a reasonable probability that it would have changed the outcome of the prior proceeding, Sizemore v. Secretary of HHS, 865 F.2d 709, 711 (6th Cir. 1988) (*per curiam*).

It is possible that the letter from Dr. Sims would have changed the outcome of the ALJ's Decision; however, the Court cannot find good cause for the failure to submit the letter to the ALJ prior to issuance of the Decision. However, as a practical matter, the Court is also cognizant of the difficulties social security practitioners face in obtaining supporting medical opinions from treating physicians in a timely manner. Nonetheless, the Court is bound to follow the applicable law and decline to enter a Sentence Six remand or the requested relief of altering, amending or vacating the previously entered Order.[1] Accordingly, for the reasons stated herein,

Plaintiff's Motion is DENIED.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.

---

[1] This Memorandum Opinion and Order in no way prohibits the introduction of the April 9, 2006 letter from Dr. Sims in support of a new application with the Social Security Administration.

2